## VAUGHAN LUMBER CO. v. UNITED STATES.
### No. 9015.

Circuit Court of Appeals, Fifth Circuit.
May 12, 1939.

886

Wright Matthews, of Houston, Tex., for appellant.

Wm. B. Waldo, Sp. Asst. to Atty. Gen., and Douglas W. McGregor, U. S. Atty., of Houston, Tex., for the United States.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Vaughan Lumber Company brought suit to recover income and profit taxes paid for the year 1919. Judgment was entered for the United States and the Lumber Company appealed.

From the year 1893 until February 15, 1919, the name Vaughan Lumber Company was used to designate a partnership composed of George C. Vaughan and George A. Dascomb. This partnership was dissolved on February 15, 1919, and the interest owned by Vaughan passed to Dascomb and his associates. Prior to the dissolution Dascomb had agreed with E. R. Wicks and others that they were to have an active interest in the continuing business to be carried on in the name of Vaughan Lumber Company. A definite plan of operation for the new organization had not been agreed upon. A temporary or stopgap partnership composed of George A. Dascomb and E. R. Wicks was formed for the purpose of operating the business until a plan of organization could be devised and approved.

On April 1, 1919, an instrument setting up this organization was drawn and circulated among those who were to be taken into the company. Dascomb, who was the last to sign and approve the agreement, affixed his signature on August 22, 1919.

Those coming into the association purchased their interests at the cost of the property to Dascomb. All parties to the plan were issued certificates and were regarded as having bought their shares as of February 15, 1919, the day of Vaughan's retirement.

In March, 1920, an income tax return was made for the old Vaughan and Dascomb partnership. This return covered the period up to the date of dissolution, February 15, 1919. In the return Vaughan stated that he had sold his interest to Dascomb, and that a new organization composed of Dascomb and his associates had been formed commencing February 15, 1919.

The newly organized Vaughan Lumber Company filed its return for the year on a partnership form. The return covered the period from February 15, 1919, to December 31, 1919. The certificate holders filed their individual returns which disclosed that they shared in the profits of the organization from February 15, 1919.

The Commissioner ruled that the new Vaughan Lumber Company was an association within the meaning of the Revenue Act and that it should file a return and pay taxes as a corporation. A corporation return was filed on September 15, 1920, for the period, February 15th to December 31st. The certificate holders who had paid taxes as partners filed their claims and were allowed refunds of the amounts so paid.

Much correspondence passed between the Commissioner and the Vaughan Lumber Company concerning several matters in dispute in the return. At no time until 1929 did the taxpayer claim that February 15, 1919, was not the date of its organization. On February 25, 1929, the lumber company filed a claim for refund of taxes and claimed that April 1, 1919, was the date of its organization. The claim was that the business from February 15, 1919, to April 1, 1919, should have been assessed and taxed as a partnership. This claim was rejected. Thereafter on January 4, 1930, the taxpayer shifted its position and put forward the claim that August 22, 1919, was the date of organization and that prior to that date the business should have been taxed as a partnership. The Commissioner also disallowed this claim.

The claims of the taxpayer are not sustained by the record. The business for a portion of the year was carried on by Dascomb and Wicks as a partnership, but we think it clear that these partners were operating as trustees for the benefit of the association. We think that the nature of the temporary or stopgap partnership is shown by what actually transpired when the new Vaughan Lumber Company came to life. The new association took up where the old Vaughan and Dascomb partnership left off. The books were opened as of that date and were not changed during the year. The certificate holders took their interests not as of April 1st or August 22nd but as of February 15, 1919.

It is manifest that the business for the whole period was the business of the tax-

payer, Vaughan Lumber Company. The new association received the earnings of the business for the whole period and was liable for taxes on the same from February 15, 1919. The evidence sustains the findings of the trial court.

The judgment is in all things affirmed.